HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY A. KELLY, | CASE NO. 3:09-cv-05710-RBL |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Dkt. #39) |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees (Dkt. #39) under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Both parties agree that fees, costs, and expenses shall be awarded. The issue is the fee's reasonableness. The motion is granted.

I. FACTUAL SUMMARY

This underlying case is a judicial review of the Commissioner's denial of Plaintiff's application for disability benefits. After the circuit court remanded the matter back to the Administrative Law Judge ("ALJ"), the Commissioner conceded that Plaintiff was the prevailing party and that the government's position was not substantially justified due to the ALJ's procedural errors. (Def.'s Resp. to Pl.'s Motion for EAJA Atty.'s Fees at 2, Dkt. #40.)

1    Plaintiff requests fees of $18,948.57, costs of $293.60, and expenses of $147.93.  The
2 Commissioner argues the fee request is unreasonable for two reasons.  First, he claims that
3 Maureen Cleary's 9.6 hours and Eitan Yanich's 12.8 hours spent reviewing the administrative
4 record and writing the opening brief are duplicative.  Second, he claims the district court and
5 appellate briefs are essentially the same and that Plaintiff's counsel fails to explain why the
6 second brief took 20.4 hours.  (*Id.* at 3-4.)

7    Plaintiff counters that the work was not duplicative because Cleary prepared a summary
8 of the record, including an analysis of pages of hand-written treatment notes and evaluations;
9 Yanich then used her summary to draft the brief.  Plaintiff also states that the appellate brief
10 billing included time for additional research, drafting, editing, proofreading, cite-checking, and
11 preparing excerpts of the record. (Yanich's Second Decl. at 1-3, Ex. 1, Dkt. #41.)

### II.   DISCUSSION

**A.  Standard**

The EAJA provides for prevailing-party attorney's fees when the government's position is not "substantially justified":

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In determining appropriate fees, a court must consider the results obtained, i.e., whether the prevailing party "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Where a plaintiff has obtained excellent results, her counsel should

normally recover all hours reasonably expended on the litigation times a reasonable hourly rate. *Id.* at 431.

### B. Reasonableness

The parties agree that the government's position was not substantially justified. The Court finds that counsels' rates ($172.24 in 2009; $175.06 in 2010; $180.59 in 2011; and $183.63 in 2012) are reasonable. Given the favorable result of the appeal and the Plaintiff's explanations for the alleged billing shortcomings, the Court also finds that the hours requested are reasonable.

### III. CONCLUSION

Plaintiff's Motion for Attorney's Fees, Costs, and Expenses is GRANTED. The total award—$18,948.57 in fees, $293.60 in costs, and $147.93 in expenses—shall be delivered via check to Plaintiff's counsel, Eitan Kassel Yanich at the Law Office of Eitan Kassel Yanich, PLLC; 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

IT IS SO ORDERED

Dated this 29th day of August, 2012.

Ronald B. Leighton
United States District Judge